IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRITON TECH OF TEXAS, LLC, § § § Plaintiff, § § v. § § NINTENDO OF AMERICA INC., § APPLE INC., § XSENS NORTH AMERICA, INC., and § HILLCREST LABORATORIES, INC., § § Defendants. § § | CIVIL ACTION NO.  2:10-cv-328-TJW-CE  **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Triton Tech of Texas, LLC (hereinafter, "Triton" or "Plaintiff") by and through its undersigned counsel, files this First Amended Complaint against Defendants Nintendo of America Inc., Apple Inc., XSens North America, Inc., and Hillcrest Laboratories, Inc. (collectively, referred to as "Defendants"), as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,181,181 (hereinafter, the "'181 patent"), entitled "Computer Apparatus Input Device For Three-Dimensional Information." A copy of the '181 patent is attached hereto as Exhibit A. Triton is the assignee of the '181 patent. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.      Plaintiff Triton is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75670.

3.      Triton is the assignee of all title and interest of the '181 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

4.      Upon information and belief, Defendant Nintendo of America Inc. ("Nintendo") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 4600 150th Avenue NE, Redmond, Washington 98052.

5.      Upon information and belief, Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at One Infinite Loop, Cupertino, California 95014.

6.      Upon information and belief, Defendant Xsens North America, Inc. ("XSens") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Mission Sr., Suite 2400, San Francisco, California 94105.

7.      Upon information and belief, Defendant Hillcrest Laboratories, Inc. ("Hillcrest Labs") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 15245 Shady Grove Road, Suite 450, Rockville, Maryland 20850.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; upon information and belief, each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

10. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

11.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

12.     United States Patent No. 5,181,181, entitled "Computer Apparatus Input Device For Three-Dimensional Information," was duly and legally issued by the United States Patent and Trademark Office on January 19, 1993 after full and fair examination.  Plaintiff is the assignee of all rights, title, and interest in and to the '181 patent and possesses all rights of recovery under the '181 patent including the right to sue for infringement and recover past damages.

13.     Upon information and belief, Nintendo has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as its Wii MotionPlus™ gaming remote and system, using acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device.  Upon information and belief, Nintendo has also contributed to the infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

14.     Upon information and belief, Apple has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as its iPhone 4, using acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device.  Upon information and belief, Apple

has also contributed to the infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

15. Upon information and belief, XSens has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as its Xsens MVN Motion Capture (a.k.a. "MoCap") products, using acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device. Upon information and belief, XSens has also contributed to the infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

16. Upon information and belief, Hillcrest Labs has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as those using its Freespace® motion technology, including but not limited to its Freespace® Reference Kits, which use acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device. Upon information and belief, Hillcrest Labs has also contributed to the infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

17. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

19. Defendants' infringement of Plaintiff's exclusive rights under the '181 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

20. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '181 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '181 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

Dated: September 23, 2010                    Respectfully submitted,

/s/ William E. Davis, III
William E. Davis, III
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

Of Counsel:

Douglas L. Bridges
GA Bar No. 080889
Jacqueline R. Knapp
GA Bar No. 425322

                          **HENINGER GARRISON DAVIS, LLC**
                          1 Glenlake Parkway, Suite 700
                          Atlanta, GA 30328
                          Tel: (678) 638-6308
                          Fax: (678) 638-6142
                          Email:  dbridges@hgdlawfirm.com
                          Email:  jknapp@hgdlawfirm.com

                          John F. Ward
                          John W. Olivo, Jr.
                          **WARD & OLIVO**
                          380 Madison Avenue
                          New York, New York 10017
                          Telephone: (212) 697-6262
                          Facsimile: (212) 972-5866
                          Email:  wardj@wardolivo.com
                          Email:  olivoj@wardolivo.com


## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email on this 23rd day of September, 2010.

                          /s/ William E. Davis, III
                          William E. Davis, III