IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

TRITON TECH OF TEXAS, LLC.,

 *Plaintiff*,

v.            CIVIL ACTION NO. 2:10-CV-328-JRG

NINTENDO OF AMERICA INC., ET AL.,

 *Defendants*.

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court is Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. No. 91) (the "Renewed Motion"). Having carefully considered the parties' written submissions, the Court **DENIES** the Motion.

**II. FACTS & PROCEDURAL POSTURE**

On January 23, 2012, the Court denied two related motions to transfer venue to the United States District Court for the Northern District of California (the "Initial Motions"). (Dkt. No. 90.) In its Order, the Court found that the Initial Motions "presented no evidence that Hillcrest [Laboratories, Inc. ("Hillcrest")] would actually be subject to personal jurisdiction in the Northern District of California. *Id*. Accordingly, the Court held that the "Defendants have not met the threshold burden of showing that the transferee venue is one where this suit could have been

brought." *Id*. The Court did not evaluate the public and private interest factors because this initial threshold showing was not satisfied.

Just over one month later, on March 1, 2012, Defendants filed this Renewed Motion to transfer venue to the Northern District of California which is now pending before the Court. (Dkt. No. 91.) Defendants contend that the Renewed Motion differs from the Initial Motions "because of three new, key facts: (1) Triton's principal place of business is not in Marshall … (2) The California court will have personal jurisdiction over this action … and (3) Glynn retired from Lockheed." *Id.*, at 1. Plaintiff responds that the Renewed Motion merely seeks a "second bite at the apple" and that no facts have changed since the Initial Motions were filed. (Dkt. No. 92.)

## III. DISCUSSION

Defendants' Renewed Motion amounts to a motion for reconsideration of the Court's January 23, 2012 Order denying the Initial Motions. While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, this Court has power to reconsider or reverse an interlocutory order at any time before the entry of a final judgment. *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 327 (5th Cir. 2004). It is this Court's practice to consider motions to reconsider interlocutory orders under the standard of Federal Rule of Civil Procedure 59(e). *See, e.g., Jacoby v. Trek Bicylce Corp.,* 2:11-cv-124, 2011 WL 3240445, at *1 (E.D. Tex. July 28, 2011); *Wi–Lan, Inc. v. Acer, Inc.,* Case No. 2:07–CV–473, 2010 WL 5559546, at *2 (E.D.Tex. Dec.30, 2010); *see also T–M Vacuum Prods., Inc. v. TAISC, Inc.,* Civ. No. H–07–4108, 2008 WL 2785636, at *2 (S.D.Tex. July 16, 2008). The grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new

evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir.2002).

The Renewed Motion does not satisfy the requirements of Rule 59(e) to justify alteration or amendment of the Court's January 23, 2012 Order denying the Initial Motions. Defendants previously failed to demonstrate that Hillcrest could be subject to personal jurisdiction in California, which was the sole basis for the Court's denial of the Initial Motions. Therefore, of the three "new" facts addressed in Defendants' Renewed Motion, only one – Hillcrest's declaration demonstrating that it could be subject to jurisdiction in California – is truly relevant to the Court's denial of the Initial Motions. But this fact is not "new" in the context of the Rule 59(e) analysis. *See, e.g., Infusion Resources, Inc. v. Minimed, Inc.,* 351 F.3d 688, 696-97 (5th Cir. 2003) ("This Court has held that a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching"). Because Defendants do not present any newly discovered evidence that could not have been discovered earlier by proper diligence, the Renewed Motion does not provide any justification for changing the Court's earlier denial of the Initial Motions.

## IV.     CONCLUSION

Though styled as a "Joint Motion to Transfer Venue," Defendants' Renewed Motion amounts to a request for reconsideration of the Court's Order Initial Motions based on evidence that could and should have been, but was not, timely presented in the Initial Motions. Because Defendants do not submit any "new" evidence as defined by the Fifth Circuit under the *Infusion*

3

*Resources* factors, the Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. No. 91) is **DENIED**.

**So ORDERED and SIGNED this 5th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE