HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TRITON TECH OF TEXAS, LLC,

    Plaintiff,

v.

NINTENDO OF AMERICA, INC., et al.,

    Defendants.

CASE NO. C13-157RAJ

ORDER

    The court has reviewed the parties' statements in response to the court's March 1, 2013 order (Dkt. # 138). That order asked the parties to clarify their positions in light of the possibly inadvertent transfer[1] of Plaintiff's claims against two Defendants (Xsens North America, Inc. and Hillcrest Laboratories, Inc.) to this court. Since then, Plaintiff and Xsens have resolved their claims. Plaintiff has no objection to the transfer of its claims against Hillcrest, and no objection to trying those claims along with its claims against Defendant Nintendo of America, Inc. Nintendo, on the other hand, has no objection to the transfer, but contends that the court should sever claims against Hillcrest.

    Hillcrest, for its part, has been silent. In response to the clerk's standard letter (Dkt. # 127) advising counsel of their obligation to apply for pro hac vice admission (or

---

[1] In its statement, Nintendo provided a transcript of the hearing on the motion to transfer, which clarifies that the judge presiding in the Eastern District of Texas elected to transfer this case in its entirety, then allow the transferee court to decide whether to sever any claims. The effect of this ruling was to transfer Plaintiff's claims against Hillcrest and Xsens to this court, even though no party requested the transfer.

ORDER – 1

notify the court that they do not intend to seek pro hac vice admission), Hillcrest (through its counsel) has done nothing. The letter advised counsel that they would receive no further notification of filings in this case until they obtained pro hac vice admission. The court thus assumes that Hillcrest has not received notice of the March 1 order.

Under these circumstances, the court will sever Plaintiff's claims against Hillcrest. The clerk need not do anything, at this time, to effect the severance. As of now, Hillcrest has not entered a valid appearance in this court. It will be up to Plaintiff to determine how to proceed with respect to its claims against Hillcrest. If necessary, the court will create a separate case for Plaintiff's claims against Hillcrest. If nothing has occurred with respect to Hillcrest by the time the court enters an order resolving Plaintiff's claims against Nintendo, the court will dismiss Plaintiff's claims against Hillcrest without prejudice.

If the court chooses to hold a Markman hearing, it will advise Plaintiff and Nintendo. The court is currently considering their claim construction briefs.

As a courtesy, the clerk shall send copies of this order via both email and postal mail to Hillcrest's most recent counsel of record:

| | |
|---|---|
| Melissa Richards Smith<br>Gilliam & Smith, LLP<br>303 S. Washington Ave.<br>Marshall, TX  75670<br><br>melissa@gilliamsmithlaw.com | J. Michael Jakes<br>Finnegan Henderson Farabow<br>Garrett & Dunner<br>901 New York Ave. NW<br>Washington, DC 20001-4413<br><br>mike.jakes@finnegan.com |

DATED this 25th day of March, 2013.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2